### CHAMBERLIN METAL WEATHER STRIP CO. v. BARRINGER.
#### No. 7778.

Circuit Court of Appeals, Sixth Circuit.
May 10, 1939.

Elbert L. Hyde, of Cleveland, Ohio (Elbert L. Hyde, Hyde, Higley & Meyer, all of Cleveland, Ohio, on the brief), for appellant.

John F. Robb, of Cleveland, Ohio (John F. Robb, of Cleveland, Ohio, Harry C. Robb, of Washington, D. C., and Robb & Robb, of Cleveland, Ohio, on the brief), for appellee.

Before HICKS, ALLEN, and HAMILTON, Circuit Judges.

ALLEN, Circuit Judge.

This is an appeal from an order dismissing a suit for infringement of United States Patent 1,718,929, for a weather strip, issued June 25, 1929, to Smith and Julien, and assigned to appellant.

Claims 9 and 14 are in issue. They read as follows:

"9. In a metal weather stripping, a clamping portion comprising substantially parallel walls adapted to engage the edge of a metal window frame, said walls formed from a single piece of spring metal and connected by a bend shaped to exert a spring action pressing said walls together, and weather closing means resiliently attached to one of said walls."

"14. A metal weather stripping for a window-portion in which the parting of the frame and sash is in a direction transverse to the plane of the window, comprising clamping means adapted to engage the edge of the metal casement frame, and a resilient weather closure means attached to said clamping means and adapted to extend in substantially parallel relationship thereto when depressed by the edge of the sash when closed."

The District Court held both claims valid but not infringed. Appellant contends that the District Court, in finding that infringement did not exist, read into the claims a limitation not expressed therein nor inherent by necessary implication. Appellee contends that the validity of the claims can be saved only if they are narrowly construed, and that so construed, the District Court was correct in holding that there is no infringement.

Appellant's weather strip is an all-metal device of one piece, intended for use on metal sash windows, and capable of being employed on either sash or frame, although in some cases it must be applied to the sash. It maintains its position by a clamping action only.

Appellee's weather strip is also an all-metal construction, comprising a U-shaped clamp and a weather-closing strip. The U-shaped clamp is of heavier metal than the weather-closing portions, and the two pieces are of different resiliency. Appellee's device maintains its position on either sash or frame by a clamping means only.

The prior art does not disclose any metal weather strip which without the aid of nails, screws, or other fastening means, maintains itself in position upon the window sash or frame. Many of the previous constructions relied upon by appellee as anticipations have a closure strip of wood, rubber, or some non-metal material. The metal constructions which preceded appellant's device had to be fastened to the window with bolts, nails, screws, etc., so that it was necessary to drill the sash and at times to distort or dismantle it in order to apply the weather strip. The convenient use of the weather strip has been greatly enhanced by appellants construction as it can be simply snapped on or off of the sash or frame.

The construction of the claims relied on requires some consideration of the prior art patents which most closely approximate appellant's device.

Marshall, 1,613,044, has a non-metal weather closing means made as a separate detached part of the metal clamp. Cook, 1,641,157, discloses a rubber closing member. Gusy, 1,370,890, relies for retention on the sash upon punch marks which enter the wood of the sash. Hedberg, 1,033,694, discloses a metal strip snugly fitted into the grooves of a molding, and hence does not depend upon the clamping action of a resilient spring metal construction. Glowacki, 1,131,693, at no point teaches frictional clamping. Sorensen, Danish Patent 4,889, uses zinc or tin, not spring metal, and discloses no clamping. Taylor, 1,286,445, discloses a member held upon the window part by nails. Morse, 1,564,182, secures the weather strip to the sash frame by bolts.

We think the District Court rightly held that the gist of the invention was the use of a resilient metal strip maintaining itself upon the sash by clamping means alone, without the use of extraneous fastening means for maintaining the strip in place, and that this constituted a substantial advance in the art.

Appellee's structure reads exactly upon claims 9 and 14. While it does not in external appearance exactly resemble appellant's structure, it discloses in a metal

weather stripping a clamped portion comprising substantially parallel walls adapted to engage the edge of a metal window frame and weather closing means resiliently attached to one of the walls. It thus reads upon Claim 9. Appellee admitted that if Claim 14 was valid it was infringed, and a reading of Claim 14 shows that the gist of the invention therein disclosed is presented in appellee's device.

But the District Court held that appellant's device has an essential feature not called for by either of the claims in suit, namely, one of two end walls which exerts a clamping action on the other wall and is not present in appellee's structure. This end wall is described repeatedly in the specification of the patent in suit. The specification, after stating that the weather strip is formed of sheet bronze, which is flexible and springy, says in substance the following:

The bronze strip is rolled to form an arcuate portion crosswise of the strip having an edge which is turned over and is provided with a hemmed edge which is formed of double thickness at this point. The arcuate portion is engaged over the outer edge of the steel sash and the hemmed edge is engaged over the edge of the sash. The arcuate portion is made in this form so that the edge may be stretched tightly to engage it over the edge of the sash thus causing the portion to engage the sash with a tension to hold the strip in place. When the strip is assembled on the sash the tension of the parts holds the strip in place on the sash and if desired the edge of the strip may be pushed into the putty which holds the glass in place, though this is not necessary to hold the strip in place.

■ But the specifications state that they show only the preferred form of the construction, and hence appellant urges that the hook is not essential to the operation of the device. It is not an element of the claims in suit, although other claims present this feature of the construction. Appellant urges that the fact that this particular element is not present in Claims 9 and 14, and is expressly specified in another group of claims, requires that the element not be read into the claims in suit. Cadillac Motor Car Co. v. Austin, 6 Cir., 225 F. 983, 985. We agree with appellant upon this point. The patent presents a group of narrow claims limited by the specific reference to the hook, and a group of broader claims not so limited. The limitations of another set of claims cannot be imported into the claims in suit. French v. Buckeye Iron & Brass Works, 6 Cir., 10 F.2d 257, 262.

■ The District Court, however, found that appellant's device does not and cannot operate to clamp the strip in place unless its hooked edge is attached to the strip as an integral part thereof, forming a strengthening lip adapted to be clamped over the edge of the sash and to produce the frictional tension necessary to position the weather strip and hence dismissed the bill. We disagree with this conclusion. While the specifications refer to the use of bronze as the preferred metal, the claims themselves are not so limited, merely stating that the weather strip is of "metal" or of "spring metal." Nor does the patent limit the thickness of the metal except to specify that it shall be "thin." It is obvious that appellant's weather strip could be made of heavier metal or a spring metal in accordance with Claims 9 and 14 of the patent in suit, and that if so made, the necessary clamping action would be effected without the use of the hook referred to in other claims of the patent. As a matter of fact, while appellant's commercial device is usually manufactured with this hook, it is uncontradicted that the strip has been manufactured without this element. Appellant's superintendent says that the hook edge is used because it prevents rain water from getting behind the strip. As the patent presents a substantial advance in the art, the patentee is entitled to reasonable equivalents. We conclude that the frictional tension secured by the U-shaped clamp in appellee's device is the equivalent of the frictional tension secured by the clamp of the patent in suit, and that Claims 9 and 14 are valid and infringed by appellee's device.

The decree below is set aside and the cause is remanded for the entry of a decree granting injunction and accounting in respect of the infringement. The costs of the appeal shall be borne by appellee.